IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAITLIN HALE, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 6:20-cv-995 |
| § | |
| JASON COLLINS, individually, § | |
|     *Defendant*. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, CAITLIN HALE, Plaintiff, complaining of JASON COLLINS, and for cause of action will respectfully show unto the Court as follows:

## I.
## PARTIES

1. Plaintiff Caitlin Hale is an inmate in the Texas Department of Criminal Justice Dr. Lane Murray Unit located in Coryell County, Texas.

2. At all times relevant to this lawsuit, Defendant Jason Collins was an individual employed as a Correctional Officer with the Texas Department of Criminal Justice at the Dr. Lane Murray Unit in Coryell County, Texas, and may be served at his residence in Gatesville, Texas, or wherever he may be found. Defendant Collins is being sued in his individual capacity.

## II.
## JURISDICTION AND VENUE

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

4. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because the Defendant is domiciled and/or resides in the Western

District of Texas, and all or a substantial part of the cause of action accrued in the Western District of Texas.

### III.
### FACTS AND ALLEGATIONS

5. At all times relevant to this lawsuit, Plaintiff Caitlin Hale was a convicted inmate in the Dr. Lane Murray Unit located in Gatesville, Coryell County, Texas.

6. At all times relevant to this lawsuit, Defendant Jason Collins was a correctional officer for the Texas Department of Criminal Justice in the Dr. Lane Murray Unit.

7. At all times relevant to this lawsuit, Defendant Collins was acting under color of law.

8. On October 24, 2018, Ms. Hale was at a hearing inside of the Lane Murray unit for an accusation that her bunk was out of compliance.

9. Ms. Hale asked Lieutenant Benson for her punishment not to include a loss of phone privileges so that she could maintain contact with her terminally ill mother.

10. Lieutenant Benson denied her request.

11. Ms. Hale, who was now free to go back to her cell walked out of the hearing back toward housing.

12. Lieutenant Benson called Ms. Hale back to the room she had just left.

13. Ms. Hale, believing Lieutenant Benson had a change of heart on the phone issue, complied with the order to return.

14. Lieutenant Benson ordered Ms. Hale into the line control holdover to wait for all of the other cases to be completed.

15. Defendant Jason Collins and Officer Mcintyre entered the line control holdover where Ms. Hale was waiting.

16. Defendant Collins told Ms. Hale to put her hands behind her back.

17. Ms. Hale thought that because she had become emotional during her hearing with Lieutenant Benson that they were going to escort her to the mental health unit.

18. Ms. Hale requested a second female officer in place of Defendant Collins.

19. Ms. Hale explained that she is Muslim and as a result is not permitted to have contact with men.

20. Defendant Collins told Ms. Hale that he "didn't care about her fucking religion."

21. Defendant Collins handcuffed Ms. Hale with her hands behind her back.

22. Defendant Collins and Officer Mcintyre escorted Ms. Hale from the line control holdover to the medical unit.

23. As they were walking to the medical unit, Defendant Collins pinched Ms. Hale's left breast.

24. Ms. Hale immediately stopped walking and told Defendant Collins not to touch her.

25. Officer Mcintyre heard Ms. Hale tell Defendant Collins to stop touching her.

26. Defendant Collins, Officer Mcintyre, and Ms. Hale then continued into the medical unit.

27. When Defendant Collins pinched Ms. Hale's breast, he did so knowing it was a violation of her religious beliefs because she had just told him in the line control

holdover when she asked for a female officer and Defendant Collins acknowledged that he heard Ms. Hale when he responded that he "didn't care about her fucking religion."

28. Once inside of the medical unit, Ms. Hale was instructed to sit down, and she complied by sitting down.

29. Nurse Webb asked why Ms. Hale was brought to them.

30. Defendant Collins told her it was for a pre-hearing detention.

31. Prior to all pre-hearing detentions all inmates are taken for a medical evaluation.

32. Ms. Hale was confused and asked why she was being taken for a pre-hearing detention.

33. Defendant Collins read her the case, which upon information and belief must have been written while she was in the line control holdover.

34. According to Defendant Collins, Ms. Hale was receiving a case for an allegation that she had just "threatened to escape by any means possible."

35. Ms. Hale stood up and stated that wasn't true.

36. When Ms. Hale stood up, she did not threaten anyone or move in a threatening manner toward anyone, but simply stood up to express her disagreement with the accusation.

37. After Ms. Hale stood up, Defendant Collins did not give her any orders; thus, Ms. Hale was not given any order that she could attempt to comply.

38. Defendant Collins did not warn Ms. Hale that he was going to use force against her.

39. Defendant Collins did not tell Ms. Hale that force would be used against her if she did not sit down or follow any other command.

40. Instead, without warning, Defendant Collins pushed Ms. Hale back into her chair and then threw Ms. Hale onto the ground.

41. When Defendant Collins pushed Ms. Hale into the chair and then threw her on the ground, Ms. Hale was standing stationary with her hands restrained in handcuffs behind her back.

42. When Defendant Collins pushed Ms. Hale into the chair and then threw her on the ground, Ms. Hale was not holding a weapon or threatening anyone either verbally or with gestures.

43. Officer Mcintyre and Nurse Webb both witnessed Defendant Collins throw Ms. Hale to the ground.

44. When Defendant Collins pushed Ms. Hale into the chair and then threw her on the ground, Ms. Hale was not attempting to escape as she was standing stationary with her hands restrained in handcuffs behind her back with two officers and a nurse in the room and was in the medical unit in the middle of the facility.

45. When Defendant Collins pushed Ms. Hale into the chair and then threw her on the ground, he did so knowing it was a violation of her religious beliefs because she had just told him in the line control holdover when she asked for a female officer and Defendant Collins acknowledged that he heard Ms. Hale when he responded that he "didn't care about her fucking religion."

46. When Defendant Collins threw Ms. Hale to the ground, he grabbed her left arm and yanked it downward to force her to the ground.

47. When Defendant Collins threw her down by her arm, Defendant Collins yanked Ms. Hale's left hand out of the handcuffs which were connected to her right wrist behind her back.

48. After Defendant Collins threw Ms. Hale to the ground, Defendant Collins began punching and kicking Ms. Hale while she laid on the ground.

49. Defendant Collins punched and kicked Ms. Hale in the side of the head and ribs.

50. Prior to and while Defendant Collins punched and kicked Ms. Hale, she had not threatened or resisted Defendant Collins; but instead, had simply stood up and expressed her disagreement with the accusations against her before being pushed into her chair, thrown to the ground, and then kicked and punched by Defendant Collins.

51. At no time did Ms. Hale resist Defendant Collins or any other officer.

52. Even when Defendant Collins was punching and kicking her, Ms. Hale did not resist, but instead simply attempted to block the punches and kicks being delivered by Defendant Collins.

53. Defendant Collins caused bruising and contusions to Ms. Hale's head and ribs as a result of punching and kicking her after he threw her onto the ground.

54. Ms. Hale's injuries were not caused by any other means.

## IV.
## CAUSE OF ACTION

### Count One
### Excessive Force
### (Violation of the Eighth Amendment Pursuant to 42 U.S.C. § 1983)

55. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

56. Plaintiff was a convicted inmate at the time force was used against her.

57. Acting under the color of law, Defendant Collins deprived Plaintiff of the rights and privileges secured to her by the Eighth Amendment to the United States

Constitution and by other laws of the United States to be free from cruel and unusual punishment by way of excessive force.

58. Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983.

59. The amount of force used by Defendant Collins against the Plaintiff as described above, specifically but not limited to, when Defendant Collins threw Plaintiff to the ground while she was restrained in handcuffs behind her back and then punched and kicked her while she was on the ground, was objectively unreasonable under the circumstances and inflicted unnecessary injury, pain, and suffering upon Plaintiff.

60. The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishments. An inmate's Eighth Amendment rights are implicated when a prison official subjects the inmate to excessive force.

61. In evaluating excessive force claims under the Eighth Amendment, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Cowart v. Erwin*, 837 F.3d 444, 452–53 (5th Cir. 2016); quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

62. Though "[t]he focus of this standard is on the detention facility official's subjective intent to punish," intent is determined by reference to the well-known *Hudson* factors —"the extent of injury suffered, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Cowart*, 837 F.3d at 452–53; *Valencia v. Wiggins*, 981 F.2d 1440, 1449 (5th Cir. 1993); quoting *Hudson*, 503 U.S. at 7.

### The Extent of the Injuries Suffered were Severe Enough to Establish a Constitutional Violation

63. The amount of force used must be more than *de minimis*; however, a plaintiff need not show significant injury. *Cowart*, 837 F.3d at 453.

64. Defendant Collins caused Ms. Hale to suffer bruising and contusions to her ribs and the side of her head when he threw Ms. Hale to the ground while she restrained in handcuffs behind her back and then punched and kicked her in the head and body while she was on the ground.

65. The bruising and contusions on Ms. Hale's ribs and the side of her head, and the associated pain, were more than *de minimis* injuries; thus, the extent of the injuries suffered by Ms. Hale at the hands of Defendant Collins were significant enough to establish a constitutional violation. *Cowart*, 837 F.3d at 453.

### Need for the Force

66. There was absolutely no need for force because Ms. Hale was restrained in handcuffs when Defendant Collins threw her to the ground, Ms. Hale was not attempting escape as she standing stationary in the medical unit in the middle of the facility restrained in handcuffs with Defendant Collins and Officer Mcintyre next to her, and Ms. Hale was not a threat to anyone as she was restrained in handcuffs, did not have a weapon, and was much smaller than Defendant Collins who could and did easily overpower the restrained Ms. Hale when punched and kicked her as she was on the ground after being thrown down by Defendant Collins.

### Relationship Between Need and the Amount of Force Used

67. Defendant Collins used a disproportionate amount of force because no force was necessary due to Ms. Hale being restrained in handcuffs behind her back and simply

standing stationary in a room with two officers and a nurse, yet Defendant Collins caused blunt force trauma pain when he threw Ms. Hale to the ground and punched and kicked Ms. Hale in the side of the head and the ribs after throwing her to the ground while she was restrained in handcuffs.

### **Threat Reasonably Perceived by the Responsible Official**

68.     Defendant Collins did not reasonably perceive – and it would have been unreasonable for Defendant Collins to perceive – that Ms. Hale was a threat, because Ms. Hale was restrained in handcuffs and was much smaller than Defendant Collins, Ms. Hale was not a threat to any officer or inmate as she was not armed with a weapon and made no threatening statements or gestures toward anyone, and Ms. Hale was not attempting escape as she standing stationary in the medical unit in the middle of the facility restrained in handcuffs with Defendant Collins and Officer Mcintyre next to her.

### **Efforts Made to Temper the Severity of a Forceful Response**

69.     Defendant Collins made no efforts to temper the severity of his forceful response because prior to causing blunt force trauma pain when threw Ms. Hale to the ground while she was restrained in handcuffs and then punched and kicked her in the side of the head and ribs, Defendant Collins never gave Ms. Hale an order to comply with or a chance to comply with an order and never gave Ms. Hale a warning that he was about to use force against her if she did not comply with his orders.

70.     Additionally, Defendant Collins could have tempered the forceful response by simply telling Ms. Hale to sit back down, grabbing ahold of Ms. Hale, or even using force against her in an area other than her head; but instead, Defendant Collins chose to throw Ms. Hale to the ground while she was restrained in handcuffs and then kick and punch her in the side of the head and ribs.

**Defendant Collins' Use of Force was Unreasonable**

71. Defendant Collins' use of force was unreasonable due to the fact that Ms. Hale had done nothing to warrant being thrown to the ground and then kicked and punched in the side of the head and ribs since she was restrained in handcuffs and had simply stood up from her seat, she was not threatening anyone, she was standing stationary and made no movement demonstrating that she was trying to escape, and she was not committing any other act that would justify Defendant Collins' use of force against her when Defendant Collins threw her to the ground and began punching and kicking her.

72. No reasonable officer could not have plausibly thought it was necessary to throw the handcuffed Ms. Hale to the ground and then punch and kick her in the side of the head and ribs simply because she stood up from her seat. Thus, Defendant Collins exhibited such wantonness with respect to the unjustified infliction of harm that it was tantamount to a knowing willingness that it occur. *Whitley v. Albers, 475 U.S. 312, 321, (1986)*.

73. A reasonable officer would know that throwing a handcuffed inmate to the ground and then kicking and punching them in the side of the head and ribs is <u>clearly excessive</u> when engaging with inmates such as Ms. Hale, who was restrained in handcuffs, had simply stood up from her seat, was not being non-compliant with orders, was unarmed, was not threatening any officer or other person, and who the use of force was not warranted.

74. A reasonable officer would know that throwing a handcuffed inmate to the ground and then kicking and punching them in the side of the head and ribs is <u>clearly unreasonable</u> when engaging with inmates such as Ms. Hale, who was restrained in handcuffs, had simply stood up from her seat, was not being non-compliant with orders,

was unarmed, was not threatening any officer or other person, and who the use of force was not warranted.

75. A reasonable officer in Defendant Collins's shoes would know that throwing a handcuffed inmate to the ground and then kicking and punching them in the side of the head and ribs who was restrained in handcuffs, had simply stood up from her seat, was not being non-compliant with orders, was unarmed, was not threatening any officer or other person, and who the use of force was not warranted is clearly unreasonable and excessive.

76. On October 24, 2018, the right to be free from Eighth Amendment excessive force was clearly established in this situation. *Cowart*, 837 F.3d 444.

77. As a direct result of the force used against her by Defendant Collins, Ms. Hale has suffered physical injury, pain, and suffering for which she sues herein.

78. These injuries were not caused by any other means.

## V.
## PUNITIVE DAMAGES

79. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

80. When viewed objectively from the standpoint of Defendant Collins, at the time of the occurrence, Defendant Collins' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

81. As a direct, proximate, and producing cause and the intentional, egregious, malicious conduct by Defendant Collins, Plaintiff is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court.

## VI.
## DAMAGES

82. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

83. Plaintiff's injuries were a foreseeable event. Those injuries were directly and proximately caused by Defendant Collins's use of excessive and unreasonable force against Plaintiff.

84. As a result, Plaintiff is entitled to recover all actual damages allowed by law. Plaintiff contends Defendant Collins's conduct constitutes malice, evil intent, or reckless or callous indifference to Plaintiff's constitutionally protected rights. Thus, Plaintiff is entitled to punitive damages.

85. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer:

    a. Physical injuries; and

    b. Physical pain and suffering.

86. Pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff seeks to recover, and requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII.
## ATTORNEYS' FEES

87. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII.
## JURY REQUEST

88. Plaintiff respectfully requests a jury trial.

## IX.
## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against the Defendant, for an amount in excess of the jurisdictional minimum of this court. Plaintiff further prays for all other relief, both legal and equitable, to which she may show herself justly entitled.

Respectfully submitted,

*/s/ Scott H. Palmer*
SCOTT H. PALMER
Texas Bar No. 00797196
JAMES P. ROBERTS
Texas Bar No. 24105721
Colorado Bar No. 46582

SCOTT H. PALMER, P.C.
15455 Taylor Parkway,
Suite 540, LB 32
Addison, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF